**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

.............................................................

| | | |
|---|---|---|
| **RAYMOND POUNCEY,SR.** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.**          **Plaintiff** | : | |
| | : | |
| **TOWN OF HAMDEN, and** | : | |
| **FIRE CHIEF DAVID BERARDESCA,** | : | |
| **SAMUEL DEBURRA AND** | : | |
| **KEVIN ST. JOHN** | : | |
| **Defendants** | : | **JANUARY 28, 2015** |

.............................................................

## COMPLAINT

This is an action to redress the deprivation by the Defendant of Rights secured to the Plaintiff Raymond Pouncey, Sr. by the constitution and laws of the United States, as well as Laws of Connecticut. The Plaintiff Raymond Pouncey, Sr. by and through his attorneys, Umeugo and Associates, P.C. and in complaining against the Defendants avers and alleges as follows:

### JURISDICTION AND PARTIES

1. The Plaintiff Raymond Pouncey, Sr. who at all times mentioned in this complaint, resides in Middlesex County, in the State of Connecticut.

2. At all material times mentioned in this complaint, the Defendant Town of Hamden is a municipal corporation that operates and controls the Hamden Fire Department, a state agency with the offices at 2750 Dixwell Avenue, Hamden, Connecticut.

1

3. The events giving rise to this complaint occurred in the Town of Hamden in New Haven County, in the State of Connecticut.

4. Jurisdiction of this Court is involved pursuant to the Constitution of the United State, Amendment I, XIV, Title VII of the Civil Rights Act of 1964 as Amended 42 U.S.C. §§1981, 1983, 1985, 1986, 1988, and 2000(e) and the Civil Rights Act of 1991, Pendent Jurisdiction under the Connecticut Constitution, Conn. Gen, Stat. §46a-60 et seq. and 46a-58(a) and Connecticut Fair Employment Practices Act.

5. At all material times mentioned herein, the Defendant Town of Hamden regularly employees more than fifteen (15) persons.

**FIRST COUNT:     (DISCRIMINATOIN AND HARASSMENT ON THE BASIS OF RELIGIOUS BELIEF AND CREATION OF HOSTILE WORK ENVIORMENT AS TO THE DEFENDANT TOWN OF HAMDEN)**

1.     At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

2.     The Defendant Town of Hamden is a municipal corporation with the State of Connecticut and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Samuel DeBurra and Kevin St. John.

3.     At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Samuel DeBurra, was Battalion Chief and Kevin St. John, was the Lieutenant for the Defendant Town of Hamden, and at all times mentioned were acting in such

2

capacity as the agents, servants, and employees of the Defendant Town of Hamden Fire Department.

4.      At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca was the Fire Chief and acting as the agent and/or pursuant to the authority as Fire Chief and Fire Official of the Town of Hamden. Also the Defendants Samuel DeBurra, was Battalion Chief and Kevin St. John, was Lieutenant and they were acting as agents and/or pursuant to the authority as Battalion Chief and Lieutenant and fire officials of the Town of Hamden.

5.      On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO (Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6.      At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden, was and still is a municipality of the State of Connecticut, which owned, operated, managed, directed and controlled the Town of Hamden Fire Department, which employed the named Defendant Officers and/or Fire Chief David Berardesca, the Defendant Battalion Chief Samuel DeBurra, and the Defendant Lieutenant Kevin St. John.

7.     The Plaintiff Raymond Pouncey, Sr., was hired by the Defendant Town of Hamden, on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

8.     The Plaintiff Raymond Pouncey, Sr., is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.     On or about February 28, 2013, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with the CHRO (Connecticut Human Rights and Opportunities) against the Town of Hamden, and David Berardesca, and on April 10, 2014, filed a complaint in the Federal Court against the said Defendants.

10.     Since the Plaintiff refusal to march in the Memorial Day Parade on May 29, 2000, for Religious reasons the Plaintiff have suffered a continuous pattern of harassment by his co-workers, and supervisors.

11.     The Plaintiff, have repeatedly complained against the use of foul language and profanity based on his religious belief in the work place by his co-workers/firefighters, to the Fire Chief David Berardesca, and nothing was done about it.

12.     On October 13, 2013, the Plaintiff Raymond Pouncey, Sr., was assigned and/or hired on overtime as a driver for Engine 9 at Station 9 by Battalion Chief Donald LaBanca.

13.     When the Plaintiff Raymond Pouncey, Sr., arrived at the aforementioned assignment and/or station the Defendant Lieutenant (Lt)

4

Kevin St. John, discriminated against him on the bases of religious belief and assigned him to the back of Engine 9 instead of being the driver. The Plaintiff then reported this to Captain Gary Couture, Battalion Chief Fitzmaurice, and Battalion Chief LaBanca.

14.   Despite the Plaintiff Raymond Pouncey, Sr.'s, seniority, experience, and being station in the district the Defendant Lt. Kevin St. John, always put the Plaintiff on the back of the Apparatus.

15.   On March 14, 2014, and, as a part of a continued pattern of harassment against the Plaintiff because of his religious beliefs and practices, the Defendant Lt. Kevin St. John, impeded and/or prevented the Plaintiff from performing his duties as an EMT/SCRIBE and assigned to the Paramedic Greg Periera.

16.   On the aforementioned date, the Defendant Lt. Kevin St. John refused to give the Plaintiff necessary patient information requested (i.e. patient's list of medications) by the Paramedic Greg Periera for patient evaluation on a priority 1 Medical Emergency.

17.   While the Plaintiff's aforementioned request was professional, pleasant and harmonious with past practice and Hamden Fire Department Policy the Defendant Lt. Kevin St. John continued the said discrimination and harassment by responding in a demeaning, abrasive, condescending and completely unprofessional way.

5

18.    On March 17, 2014, and March 19, 2014, the Plaintiff complained about the above mentioned discriminatory act to the Defendant Fire Chief David Berardesca, who failed to do anything about it.

19.    The Defendants continued to levy false accusation against the Plaintiff because of his religious beliefs and practices.

20.    On March 14, 2014, the Defendant Lt. Kevin St. John, falsely accused the Plaintiff of "slamming a door in his face" while on an emergency medical call at 38 Eaton Woods Condominiums, located in Hamden, Connecticut.

21.    On March 14, 2014, as a further retaliation, harassment and pattern of discrimination and under the pretext or disguise of doing an investigation the Defendant Battalion Chief DeBurra, pulled the Plaintiff out of training class that the Plaintiff was taking the lead in, to interview him, after already having knowledge of the fact that the Plaintiff did not slammed the door on the Defendant Lt. Kevin St. John, as he falsely claimed, and as conveyed to him by an eyewitness Firefighter/Paramedic Greg Periera, that no door was slammed by the Plaintiff.

22.    The Defendant Battalion Chief Samuel DeBurra, informed and/or stated to the Plaintiff that as far as he was concerned "it is over" don't worry about it", when the Plaintiff asked the Defendant Battalion Chief Samuel DeBurra, what the Defendant Lt. Kevin St. John wrote up, he stated he was not sure if he wrote anything up.

23.    On April 5, 2014, Firefighter Ronald Mikolinski, called the Plaintiff at Station 9 at approximately 8:15 a.m.-8:45 a.m., and stated to him that the Defendant Battalion Chief Samuel DeBurra, showed a copy of the Defendant Lt. Kevin St. John's, report and stated to him to write an incident report based on Lieutenant Kevin St. John's report.

24.    The Firefighter Ronald Mikolinski, stated and informed the Plaintiff that the Defendant Lt. Kevin St. John's, report was full of lies because he was there and at no time was any door slammed as a result Ronald Mikolinski, did not write the incident report as the Defendants wanted.

25.    The aforementioned Defendants' actions, hostile work environment and harassment are as a result of the Plaintiff's religious beliefs and practice.

26.    The Plaintiff since October 13, 2013, has been subjected to discrimination, false charges/ accusations, a hostile work environment and harassment as aforementioned, through the Defendant's agents through numerous incidences of verbal remarks and retaliatory employment actions, and even encouraged other workers to negatively alter the working conditions of the Plaintiff.

27.    At all times the Defendant, owed a duty to the Plaintiff not to harass, discriminate or create a hostile working environment pursuant to Title VII of the Civil Rights Act of 1964, as Amended 42 U.S.C. § 2000 (e) at seq.

28.    The aforementioned, continuation of harassment and hostile work environment that the Plaintiff had experienced and continued to be subjected are due to his religious belief, his opposition to discrimination and harassing conduct.

29.    From October 13, 2013, to the present the Defendant through its agents and employees harassed and discriminated against the Plaintiff, as aforementioned, and created a hostile working environment by means of verbal remarks and retaliatory employment actions as aforementioned and similarly situated employees of other religions have not been subject to such treatment.

30.    As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

a) Headaches;

b) High blood pressure;

c) Insomnia (lack of sleep);

d) Eating disorder;

e) Anxiety reaction;

f) Emotional Distress,

g) Psychological injury;

h) Retaliation;

i) Humiliation;

j) Anguish;

8

k) Embarrassment;

l) Mortification; and

m) Outrage.

31.     As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**SECOND COUNT**          **(DISCRIMINATION AND RETALIATION ON THE BASIS OF FILING A COMPLAINT- AS TO THE DEFENDANT TOWN OF HAMDEN)**

1.     At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

2.     The Defendant Town of Hamden, is a municipal corporation with the State of Connecticut, and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Samuel DeBurra, and Kevin St. John.

3.     At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Samuel DeBurra, was Battalion Chief and Kevin St. John, was a Lieutenant for the Town of Hamden, and at all times mentioned was acting in such capacity as the agents, servants, and employees of the Defendant Town of Hamden Fire Department.

4.     At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca, was the Fire Chief and acting as agent and/or pursuant to the authority as Fire Chief and Fire

9

Official of the Town of Hamden. Also the Defendants, Samuel DeBurra, was a Battalion Chief and Kevin St. John, was a Lieutenant and they were acting as agent and/or pursuant to the authority as Fire Officials of the Town of Hamden.

5.      On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO (Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6.      At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden, was and still is a municipality of the State of Connecticut, which owned, operated, managed directed and controlled the Town of Hamden Fire Department, which employed the named Defendant Officers and/or Fire Chief, David Berardesca, the Defendant Samuel DeBurra, and Defendant Lieutenant Kevin St. John.

7.      The Plaintiff Raymond Pouncey, Sr., was hired by the Defendant Town of Hamden, on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

8.      The Plaintiff Raymond Pouncey, Sr., is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.     On February 28, 2013, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with CHRO (Connecticut Human Rights and Opportunities) against the Town of Hamden and David Berardesca, and on April 10, 2014, filed a complaint in the Federal Court against the said Defendants.

10.     The Plaintiff, have repeatedly complained against the use of the foul language and profanity based on his religious belief in the work place by his co-workers/ firefighters.

11.     Since the Plaintiff's, refusal to march in the Memorial Day Parade for religious reasons the Plaintiff, have suffered a continuous pattern of harassment by his co-workers and Fire Chief David Berardesca; for example the Plaintiff have been wrongfully transferred, had his car vandalized, been called into the Fire Chief's office several times and had false accusation made against him, was forced to work with co-workers or employees who constantly accused him, and has been subjected to constant use of profanity by co-workers thereby creating a hostile work environment for the Plaintiff.

12.     On one occasion the Plaintiff, was told by Battalion Chief Samuel DeBurra, that the Plaintiff is "a marked man because of his religion".

13.     The Plaintiff, since May 29, 2000, has been subjected to discrimination, a hostile work environment and harassment through the Defendant's agents through numerous incidences of verbal remarks, false accusation by Lieutenant Kevin St. John, of slamming the door and

retaliatory employment actions, (i.e. transfer to other stations) and even encouraged other workers to negatively alter the working conditions of the Plaintiff.

14.     At all times the Defendant, owed a duty to the Plaintiff not to harass, discriminate or create a hostile working environment pursuant to Title VII of the Civil Rights Act of 1964, as Amended 42 U.S. C. §2000 (e) et seq.

15.     At all times, the Defendant owed a duty to the Plaintiff not to discharge or discriminate against the Plaintiff for filing a complaint with the Commission (CHRO) pursuant to C. G. S § 46a-60(a)(4).

16.     From October 13, 2013, to the present the Defendant through it's agents and employees harassed and discriminated against the Plaintiff, and created a hostile working environment by means of verbal remarks and retaliatory employment actions as aforementioned and similarly situated employees of other religions have not been subjected to such treatment.

17.     The Defendant, retaliated and discriminated against the Plaintiff for filing the charge of discrimination with the CHRO (Connecticut Human Rights and Opportunities) and EEOC (Equal Employment Opportunity Commission) in violation of C. G. S §46a-60(a)(4).

18.     As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

a) Headaches;

12

b) High blood pressure;

c) Insomnia (lack of sleep);

d) Eating disorder;

e) Anxiety reaction;

f) Emotional Distress,

g) Psychological injury;

h) Retaliation;

i) Humiliation;

j) Anguish;

k) Embarrassment;

l) Mortification; and

m) Outrage.

19.     As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**THIRD COUNT**     **(INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS- AS TO THE DEFENDANT TOWN OF HAMDEN)**

1-31    Paragraphs 1-31 of the First Count are hereby incorporated and made paragraphs 1-31 of the Third Count.

32.     In the manner described above, the Defendant, Town of Hamden through its Fire Fighters further committed intentional infliction of emotional distress, in that the Defendant, Fire Fighters, intentionally and/or recklessly caused the Plaintiff, Raymond Pouncey, Sr., severe emotional

13

distress by their intentional extreme and outrageous conduct, as described above. The acts and commissions of the Defendants, as outlined above were the proximate cause of the injury to the Plaintiff.

**FOURTH COUNT**          **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- AS TO THE DEFENDANT TOWN OF HAMDEN)**

1-31    Paragraphs 1-31 of the First Count are hereby incorporated and made paragraphs 1-31 of the Fourth Count.

32.    In the manner described above, the Defendant, Town of Hamden, through its Fire Fighters, further committed negligence infliction of emotional distress, in that the Defendant, Fire Fighters, negligently caused the Plaintiff, Raymond Pouncey, Sr., to suffer severe emotional distress by their negligent and outrageous conduct, as described above, which he knew or would have known will cause such emotional distress on the Plaintiff, Raymond Pouncey, Sr.

**FIFTH COUNT:**          **(DISCRIMINATION AND HARASSMENT ON THE BASIS OF REGIGIOUS BELIEF AND CREATION OF HOSTILE WORK ENVIROMMENT- AS TO DEFENDANT CHIEF DAVID BERARDESCA)**

1.    At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

2.    The Defendant Town of Hamden is a municipal corporation with the State of Connecticut and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Samuel DeBurra and Kevin St. John.

14

3.    At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Samuel DeBurra was Battalion Chief and Kevin St. John was the Lieutenant for the Defendant Town of Hamden, and at all times mentioned was acting in such capacity as the agents, servants, and employees of the Defendant Town of Hamden Fire Department.

4.    At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca, was the Fire Chief and acting as the agent and/or pursuant to the authority as Fire Chief and Fire Official of the Town of Hamden. Also the Defendants Samuel DeBurra, was the Battalion Chief and Kevin St. John, was a Lieutenant and they were acting as agents and/or pursuant to the authority as fire officials of the Town of Hamden.

5.    On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO (Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6.    At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden, was and still is a municipality of the State of Connecticut, which owned, operated, managed directed and

15

controlled the Town of Hamden Fire Department, which employed the named Defendant Officers and/or Fire Chief David Berardesca, the Defendant Battalion Chief Samuel DeBurra, and Defendant Lieutenant Kevin St. John.

7.     The Plaintiff Raymond Pouncey, Sr., was hired by the Defendant Town of Hamden on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

8.     The Plaintiff Raymond Pouncey, Sr. is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.     On or about February 28, 2013, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with the CHRO (Connecticut Human Rights and Opportunities) and on against the Town of Hamden and David Berardesca and on April 10, 2014, filed a complaint in the Federal Court against the said Defendants.

10.     Since the Plaintiff's refusal to march in the Memorial Day Parade on May 29, 2000, for religious reasons the Plaintiff, have suffered a continuous pattern of harassment by his co-workers, and supervisors.

11.     The Plaintiff, have repeatedly complained against the use of foul language and profanity based on his religious belief in the work place by his co-workers / firefighters to the Fire Chief David Berardesca, and nothing was done about it.

16

12.   On October 13, 2013, the Plaintiff Raymond Pouncey, Sr., was assigned and/or hired on overtime as a driver for Engine 9 at Station 9 by Battalion Chief Donald LaBanca.

13.   When the Plaintiff Raymond Pouncey, Sr., arrived at the aforementioned assignment and/or station the Defendant, Lieutenant (Lt) Kevin St. John discriminated against him on the bases of religious belief and assigned him to the back of Engine 9, instead of being the driver. The Plaintiff then reported this to Captain Gary Couture, Battalion Chief Fitzmaurice, and Battalion Chief LaBanca.

14.   Despite the Plaintiff Raymond Pouncey, Sr.'s seniority, experience, and being station in the district the Defendant Lt. Kevin St. John always put the Plaintiff on the back of the Apparatus.

15.   On March 14, 2014, and as a part of a continued pattern of harassment against the Plaintiff because of his religious beliefs and practices, the Defendant Lt. Kevin St. John, impeded and/or prevented the Plaintiff from performing his duties as an EMT/SCRIBE and assigned to the Paramedic Greg Periera.

16.   On the aforementioned date the Defendant Lt. Kevin St. John, refused to give the Plaintiff, necessary patient information requested (i.e. patient's list of medications) by the Paramedic Greg Periera, for patient evaluation on a priority 1 Medical Emergency.

17.   While the Plaintiff's aforementioned request was professional, pleasant and harmonious with past practice and Hamden Fire Department

17

Policy the Defendant Lt. Kevin St. John continued the said discrimination and harassment by responding in a demeaning, abrasive, condescending and completely unprofessional way.

18. On March 17, 2014, and March 19, 2014, the Plaintiff complained about the above mentioned discriminatory act to the Defendant Fire Chief David Berardesca, who failed to do anything about it.

19. The Defendants continued to levy false accusation against the Plaintiff because of his religious beliefs and practices.

20. On March 14, 2014, the Defendant Lt. Kevin St. John, falsely accused the Plaintiff of "slamming a door in his face" while on an emergency medical call at 38 Eaton Woods Condominiums, located in Hamden, Connecticut.

21. On March 14, 2014, as a further retaliation and pattern of discrimination harassment, and under the pretext or disguise of doing an investigation the Defendant Battalion Chief DeBurra, pulled the Plaintiff out of training class that the Plaintiff, was taking the lead in, to interview him, after already having knowledge of the fact that the Plaintiff did not slammed the door on the Defendant Lt. Kevin St. John as he falsely claimed, and as conveyed to him by an eyewitness Firefighter/Paramedic Greg Periera, that no door was slammed by the Plaintiff.

22. The Defendant Battalion Chief Samuel DeBurra, informed and/or stated to the Plaintiff that as far as he was concerned "it is over" don't worry about it", when the Plaintiff asked the Defendant Battalion Chief

Samuel DeBurra, what the Defendant Lt. Kevin St. John, wrote up, he stated he was not sure if he wrote anything up.

23.    On April 5, 2014, Firefighter Ronald Mikolinski, called the Plaintiff at Station 9 at approximately 8:15 a.m.-8:45, and stated to him that the Defendant Battalion Chief Samuel DeBurra, showed a copy of the Defendant Lt. Kevin St. John's, report and stated to him to write an incident report based off of Lieutenant Kevin St. John's reports.

24.    The Firefighter Ronald Mikolinski, stated and informed the Plaintiff that the Defendant Lt. Kevin St. John's report was full of lies because he was there and at no time was any door slammed, as a result Ronald Mikolinski did not write the incident report as the Defendants wanted.

25.    The aforementioned Defendants actions, hostile work environment and harassment are as a result of the Plaintiff's religious beliefs and practice.

26.    The Plaintiff since October 13, 2013, has been subjected to discrimination, false charges/ accusations, a hostile w work environment and harassment as aforementioned, through the Defendant's agents through numerous incidences of verbal remarks and retaliatory employment actions, and even encouraged other workers to negatively alter the working conditions of the Plaintiff.

27.    At all times the Defendant owed a duty to the Plaintiff not to harass, discriminate or create a hostile working environment pursuant to

19

Title VII of the Civil Rights Act of 1964, as Amended 42 U.S.C. § 2000 (e) at seq.

28.    The aforementioned, continuation of harassment and hostile work environment that the Plaintiff had experienced and continued to be subjected to are due to his religious belief, his  opposition to discrimination and harassing conduct.

29.    From October 13, 2013 to the present the Defendant through its agents and employees harassed and discriminated against the Plaintiff, as aforementioned, and created a hostile working environment by means of verbal remarks and retaliatory employment actions as aforementioned and similarly situated employees of other religions have not been subject to such treatment.

30. As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

> a) Headaches;
>
> b) High blood pressure;
>
> c) Insomnia (lack of sleep);
>
> d) Eating disorder;
>
> e) Anxiety reaction;
>
> f) Emotional Distress,
>
> g) Psychological injury;
>
> h) Retaliation;

20

i) Humiliation;

j) Anguish;

k) Embarrassment;

l) Mortification; and

m) Outrage.

31. As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**SIXTH COUNT:**     **(DISCRIMINATION AND RETALIATION ON THE BASIS OF FILING A COMPLAINT- AS TO THE DEFENDANT FIRE CHIEF DAVID BERARDESCA)**

1.     At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

2.     The Defendant Town of Hamden is a municipal corporation with the State of Connecticut and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Samuel DeBurra and Kevin St. John.

3.     At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Samuel DeBurra was Battalion Chief and Kevin St. John was a Lieutenant for the Town of Hamden and at all times mentioned was acting in such capacity as the agents, servants, and employees of the Defendant Town of Hamden Fire Department.

21

4.      At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca was the Fire Chief and acting as agent and/or pursuant to the authority as Fire Chief and Fire Official of the Town of Hamden. Also the Defendants, Samuel DeBurra was the Battalion Chief and Kevin St. John was a Lieutenant and they were acting as agents and/or pursuant to the authority as Fire Officials of the Town of Hamden.

5.      On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO (Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6.      At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden was and still is a municipality of the State of Connecticut, which owned, operated, managed directed and controlled the Town of Hamden Fire Department which employed the named Defendant Officers and/or Fire Chief, David Berardesca, the Defendant Battalion Chief Samuel DeBurra and Defendant Lieutenant Kevin St. John.

7.      The Plaintiff Raymond Pouncey, Sr. was hired by the Defendant Town of Hamden on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

22

8.     The Plaintiff Raymond Pouncey, Sr. is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.     On February 28, 2013, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with CHRO (Connecticut Human Rights and Opportunities) against the Town of Hamden, and David Berardesca and on April 10, 2014, filed a complaint in the Federal Court against the said Defendants.

10.     Since the Plaintiff's refusal to march in the Memorial Day Parade for religious reasons the Plaintiff have suffered a continuous pattern of harassment by his co-workers and Fire Chief David Berardesca; for example the Plaintiff have been wrongfully transferred, had his car vandalized, been called into the Fire Chief's office several times and had false accusation made against him, was forced to work with co-workers or employees who constantly accused him, and has been subjected to constant use of profanity by co-workers thereby creating a hostile work environment for the Plaintiff.

11.     The Plaintiff, have repeatedly complained against the use of foul language and profanity based on his religious belief in the place by his co-workers/ firefighters, and supervisors.

12.     On one occasion the Plaintiff was told by Battalion Chief Samuel DeBurra, that the Plaintiff is "a marked man because of his religion".

23

13.   The Plaintiff since May 29, 2000, has been subjected to discrimination, a hostile work environment and harassment through the Defendant's agents through numerous incidences of verbal remarks, false accusation by Lieutenant Kevin St. John of slamming the door and retaliatory employment actions, (i.e. transfer to other stations) and even encouraged other workers who negatively alter the working conditions of the Plaintiff.

14.   At all times the Defendant owed a duty to the Plaintiff not to harass, discriminate or create a hostile working environment pursuant to Title VII of the Civil Rights Act of 1964, as Amended 42 U.S. C. §2000 (e) et seq.

15.   At all times, the Defendant owed a duty to the Plaintiff not to discharge or discriminate against the Plaintiff for filing a complaint with the Commission (CHRO) pursuant to C. G. S § 46a-60(a)(4).

16.   From October 13, 2013, to the present the Defendant through it's agents and employees harassed and discriminated against the Plaintiff, and created a hostile working environment by means of verbal remarks and retaliatory employment actions as aforementioned and similarly situated employees of other religions have not been subjected to such treatment.

17.   The Defendant retaliated and discriminated against the Plaintiff for filing the charge of discrimination with the CHRO (Connecticut Human Rights and Opportunities) and EEOC (Equal Employment Opportunity Commission) in violation of C. G. S §46a-60(a)(4).

24

18.     As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

a) Headaches;

b) High blood pressure;

c) Insomnia (lack of sleep);

d) Eating disorder;

e) Anxiety reaction;

f) Emotional Distress,

g) Psychological injury;

h) Retaliation;

i) Humiliation;

j) Anguish;

k) Embarrassment;

l) Mortification; and

m) Outrage.

19.     As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**SEVENTH COUNT**          **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- AS TO THE DEFENDANT FIRE CHIEF DAVID BERARDESCA)**

1-31    Paragraphs 1-31 of the First Count are hereby incorporated and made paragraphs 1-31 of the Seventh Count.

25

32.   In the manner described above, the Defendant, Fire Chief David Berardesca through its Fire Fighters further committed intentional infliction of emotional distress, in that the Defendant, intentionally and/or recklessly caused the Plaintiff, Raymond Pouncey, Sr. severe emotional distress by his intentional extreme and outrageous conduct, as described above. The acts and commissions of the Defendant, as outlined above were the proximate cause of the injury to the Plaintiff.

**EIGHTH COUNT**          **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – AS TO THE DEFENDANT FIRE CHIEF DAVID BERARDESCA)**

1-31   Paragraphs 1-31 of the First Count are hereby incorporated and made paragraphs 1-31 of the Eighth Count.

32.   In the manner described above, the Defendant, Fire Chief David Berardesca, further committed negligence infliction of emotional distress, in that the Defendant, Fire Chief David Berardesca, negligently caused the Plaintiff, Raymond Pouncey, Sr. to suffer severe emotional distress by their negligent and outrageous conduct, as described above, which he knew or would have known will cause such emotional distress on the Plaintiff, Raymond Pouncey, Sr.

**NINETH COUNT:**   **(DISCRIMINATION AND HARASSMENT ON THE BASIS OF REGIGIOUS BELIEF AND CREATION OF HOSTILE WORK ENVIROMMENT-AS TO DEFENDANT BATTALION CHIEF SAMUEL DEBURRA)**

1.   At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

26

2.     The Defendant Town of Hamden is a municipal corporation with the State of Connecticut and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Samuel DeBurra and Kevin St. John.

3.     At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Samuel DeBurra was Battalion Chief and Kevin St. John was the Lieutenant for the Defendant Town of Hamden, and at all times mentioned was acting in such capacity as the agents, servants, and employees of the Defendant Town of Hamden Fire Department.

4.     At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca was the Fire Chief and acting as the agent and/or pursuant to the authority as Fire Chief and Fire Official of the Town of Hamden. Also the Defendants Samuel DeBurra was the Battalion Chief and Kevin St. John was the Lieutenant and they were acting as agents and/or pursuant to the authority as fire officials of the Town of Hamden.

5.     On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO (Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from

27

CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6.     At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden was and still is a municipality of the State of Connecticut, which owned, operated, managed directed and controlled the Town of Hamden Fire Department which employed the named Defendant Officers and/or Fire Chief David Berardesca, the Defendant Battalion Chief Samuel DeBurra and Defendant Lieutenant Kevin St. John.

7.     The Plaintiff Raymond Pouncey, Sr. was hired by the Defendant Town of Hamden on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

8.     The Plaintiff Raymond Pouncey, Sr. is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.     On or about February 28, 2013 the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with the CHRO (Connecticut Human Rights and Opportunities) against the Town of Hamden and David Berardesca and on April 10, 2014, filed a complaint in the Federal Court against the said Defendants.

10.     Since the Plaintiff's refusal to march in the Memorial Day Parade on May 29, 2000, for religious reason the Plaintiff have suffered a continuous pattern of harassment by his co-workers and supervisors.

11.    The Plaintiff, have repeatedly complained against the use of foul language and profanity based on his religious belief in the work place by his co-workers / firefighters and nothing was done about it.

12.    On October 13, 2013, the Plaintiff Raymond Pouncey, Sr. was assigned and/or hired on overtime as a driver for Engine 9 at Station 9 by Battalion Chief Donald LaBanca.

13.    When the Plaintiff Raymond Pouncey, Sr. arrived at the aforementioned assignment and/or station the Defendant Lieutenant (Lt) Kevin St. John discriminated against him on the bases of religious belief and assigned him to the back of Engine 9 instead of being the driver. The Plaintiff them reported this to Captain Gary Couture, Battalion Chief Fitzmaurice, Battalion Chief LaBanca.

14.    Despite the Plaintiff Raymond Pouncey, Sr.'s seniority, experience, and being station in the district the Defendant Lt. Kevin St. John always put the Plaintiff on the back of the Apparatus.

15.    On March 14, 2014, and as a part of a continued pattern of harassment against the Plaintiff because of his religious beliefs and practices, the Defendant Lt. Kevin St. John impeded and/or prevented the Plaintiff from performing his duties as an EMT/SCRIBE and assigned to the Paramedic Greg Periera.

16.    On the aforementioned date the Defendant Lt. Kevin St. John refused to give the Plaintiff necessary patient information requested (i.e.

patient's list of medications) by the Paramedic Greg Periera for patient evaluation on a priority 1 Medical Emergency.

17.     While the Plaintiff's aforementioned request was professional, pleasant and harmonious with past practice and Hamden Fire Department Policy the Defendant Lt. Kevin St. John continued the said discrimination and harassment by responding in a demeaning, abrasive, condescending and completely unprofessional way.

18.     On March 17, 2014, and March 19, 2014, the Plaintiff complained about the above mentioned discriminatory act to the Defendant Fire Chief David Berardesca who failed to do anything about it.

19.     The Defendants continued to levy false accusation against the Plaintiff because of his religious beliefs and practices.

20.     On March 14, 2014, the Defendant Lt. Kevin St. John falsely accused the Plaintiff of "slamming a door in his face" while on an emergency medical call at 38 Eaton Woods Condominiums located in Hamden, Connecticut.

21.     On March 14, 2014, as a further retaliation, harassment and pattern of discrimination and under the pretext or disguise of doing an investigation the Defendant Battalion Chief DeBurra pulled the Plaintiff out of training class that the Plaintiff was taking the lead in, to interview him, after already having knowledge of the fact that the Plaintiff did not slammed the door on the Defendant Lt. Kevin St. John as he falsely claimed, and as

conveyed to him by an eyewitness Firefighter/Paramedic Greg Periera, that no door was slammed by the Plaintiff.

22.    The Defendant Battalion Chief Samuel DeBurra informed and/or stated to the Plaintiff that as far as he was concerned "it is over" don't worry about it", when the Plaintiff asked the Defendant Battalion Chief Samuel DeBurra what the Defendant Lt. Kevin St. John wrote up, he stated he was not sure if he wrote anything up.

23.    On April 5, 2014, Firefighter Ronald Mikolinski called the Plaintiff at Station 9 at approximately 8:15 a.m.-8:45 a.m., and stated to him that the Defendant Battalion Chief Samuel DeBurra showed a copy of the Defendant Lt. Kevin St. John's report and stated to him to write an incident report based off of Lieutenant Kevin St. John's reports.

24.    The Firefighter Ronald Mikolinski stated and informed the Plaintiff that the Defendant Lt. Kevin St. John's report was full of lies because he was there and at no time was any door slammed, as a result Ronald Mirkolinski did not write the incident report as the Defendants wanted.

25.    The aforementioned Defendant actions, hostile work environment and harassment are as a result of the Plaintiff's religious beliefs and practice.

26.    The Plaintiff since October 13, 2013, has been subjected to discrimination, false charges/ accusations, a hostile w work environment and harassment as aforementioned, through the Defendant's agents through

31

numerous incidences of verbal remarks and retaliatory employment actions, and even encouraged other workers to negatively alter the working conditions of the Plaintiff.

27.     At all times the Defendant owed a duty to the Plaintiff not to harass, discriminate or create a hostile working environment pursuant to Title VII of the Civil Rights Act of 1964, as Amended 42 U.S.C. § 2000 (e) at seq.

28.     The aforementioned, continuation of harassment and hostile work environment that the Plaintiff had experienced and continued to be subjected to are due to his religious belief, his opposition to discrimination and harassing conduct.

29. From October 13, 2013, to the present the Defendant through its agents and employees harassed and discriminated against the Plaintiff, as aforementioned, and created a hostile working environment by means of verbal remarks and retaliatory employment actions as aforementioned and similarly situated employees of other religions have not been subject to such treatment.

30. As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

        a) Headaches;

        b) High blood pressure;

        c) Insomnia (lack of sleep);

d) Eating disorder;

e) Anxiety reaction;

f) Emotional Distress,

g) Psychological injury;

h) Retaliation;

i) Humiliation;

j) Anguish;

k) Embarrassment;

l) Mortification; and

m) Outrage.

31. As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**TENTH COUNT:**      **(DISCRIMINATION AND RETALIATION ON THE BASIS OF FILING A COMPLAINT- AS TO THE DEFENDANT BATTALION CHIEF SAMUEL DEBURRA)**

1.      At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

2.      The Defendant Town of Hamden is a municipal corporation with the State of Connecticut and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Samuel DeBurra and Kevin St. John.

3. At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Samuel DeBurra was Battalion Chief and Kevin St. John was a Lieutenant for the Town of Hamden and at all times mentioned was acting in such capacity as the agents, servants, and employees of the Defendant Town of Hamden Fire Department.

4. At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca was the Fire Chief and acting as agent and/or pursuant to the authority as Fire Chief and Fire Official of the Town of Hamden. Also the Defendants, Samuel DeBurra was Battalion Chief and Kevin St. John was a Lieutenant and they were acting as agents and/or pursuant to the authority as Fire Officials of the Town of Hamden.

5. On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO (Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6. At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden was and still is a municipality of the State of Connecticut, which owned, operated, managed directed and controlled the

34

Town of Hamden Fire Department which employed the named Defendant Officers and/or Fire Chief, David Berardesca, the Defendant Battalion Chief Samuel DeBurra and Defendant Lieutenant Kevin St. John.

7.      The Plaintiff Raymond Pouncey, Sr. was hired by the Defendant Town of Hamden on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

8.      The Plaintiff Raymond Pouncey, Sr. is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.      On February 28, 2013, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with CHRO (Connecticut Human Rights and Opportunities) against the Town of Hamden and David Berardesca and on April 10, 2014, filed a complaint in the Federal Court against the said Defendants.

10.     Since the Plaintiff's refusal to march in the Memorial Day Parade for religious reasons the Plaintiff have suffered a continuous pattern of harassment by his co-workers and Fire Chief David Berardesca; for example the Plaintiff have been wrongfully transferred, had his car vandalized, been called into the Fire Chief's office several times and had false accusation made against him, was forced to work with co-workers or employees who constantly accused him, and has been subjected to constant use of profanity by co-workers thereby creating a hostile work environment for the Plaintiff.

35

11.    The Plaintiff, have repeatedly complained against the use of foul language and profanity based on his religious belief in the place by his co-workers/ firefighters.

12.    On one occasion the Plaintiff was told by Battalion Chief Samuel DeBurra that the Plaintiff is "a marked man because of his religion".

13.    The Plaintiff since May 29, 2000, has been subjected to discrimination, a hostile work environment and harassment through the Defendant's agents through numerous incidences of verbal remarks false accusations by Lieutenant Kevin St. John of slamming the door, and retaliatory employment actions, (i.e. transfer to other stations) and even encouraged other workers to negatively alter the working conditions of the Plaintiff.

14.    At all times the Defendant owed a duty to the Plaintiff not to harass, discriminate or create a hostile working environment pursuant to Title VII of the Civil Rights Act of 1964, as Amended 42 U.S. C. §2000 (e) et seq.

15.    At all times, the Defendant owed a duty to the Plaintiff not to discharge or discriminate against the Plaintiff for filing a complaint with the Commission (CHRO) pursuant to C. G. S § 46a-60(a)(4).

16.    From October 13, 2013, to the present the Defendant through it's agents and employees harassed and discriminated against the Plaintiff, and created a hostile working environment by means of verbal remarks and

36

retaliatory employment actions as aforementioned and similarly situated employees of other religions have not been subjected to such treatment.

17.    The Defendant retaliated and discriminated against the Plaintiff for filing the charge of discrimination with the CHRO (Connecticut Human Rights and Opportunities) and EEOC (Equal Employment Opportunity Commission) in violation of C. G. S §46a-60(a)(4).

18.    As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

a) Headaches;

b) High blood pressure;

c) Insomnia (lack of sleep);

d) Eating disorder;

e) Anxiety reaction;

f) Emotional Distress,

g) Psychological injury;

h) Retaliation;

i) Humiliation;

j) Anguish;

k) Embarrassment;

l) Mortification; and

m) Outrage.

19.    As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**ELEVENTH COUNT**          **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- AS TO THE DEFENDANT BATTALION CHIEF SAMUEL DEBURRA)**

1-31   Paragraphs 1-31 of the Ninth Count are hereby incorporated and made paragraphs 1-31 of the Eleventh Count.

32.    In the manner described above, the Defendant, Samuel DeBurra further committed intentional infliction of emotional distress, in that the Defendant, Samuel, intentionally and/or recklessly caused the Plaintiff, Raymond Pouncey, Sr. severe emotional distress by their intentional extreme and outrageous conduct, as described above. The acts and commissions of the Defendant, as outlined above were the proximate cause of the injury to the Plaintiff.

**TWELFTH COUNT**          **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – AS TO THE DEFENDANT BATTALION CHIEF SAMUEL DEBURRA)**

1-31   Paragraphs 1-31 of the Ninth are hereby incorporated and made paragraphs 1-31 of the Twelfth Count.

32.    In the manner described above, the Defendant, Samuel DeBurra further committed negligence infliction of emotional distress, in that the Defendant, Samuel DeBurra, negligently caused the Plaintiff, Raymond Pouncey, Sr. to suffer severe emotional distress by their negligent and outrageous conduct, as described above, which he knew or would have

known will cause such emotional distress on the Plaintiff, Raymond Pouncey, Sr.

**THIRTEEN COUNT:**   **(DISCRIMINATION AND HARASSMENT ON THE BASIS OF REGIGIOUS BELIEF AND CREATION OF HOSTILE WORK ENVIROMMENT- AS TO DEFENDANT LIEUTENANT KEVIN ST. JOHN)**

1.     At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

2.     The Defendant Town of Hamden is a municipal corporation with the State of Connecticut and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Samuel DeBurra and Kevin St. John.

3.     At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Samuel DeBurra was Battalion Chief and Kevin St. John was the Lieutenant for the Defendant Town of Hamden and at all times mentioned was acting in such capacity as the agent, servant, and employee of the Defendant Town of Hamden Fire Department.

4.     At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca was the Fire Chief and acting as the agent and/or pursuant to the authority as Fire Chief and Fire Official of the Town of Hamden. Also the Defendants Samuel DeBurra was Battalion Chief and Kevin St. John was Lieutenant and they were acting as

39

agents and/or pursuant to the authority as fire officials of the Town of Hamden.

5.     On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO (Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6.     At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden was and still is a municipality of the State of Connecticut, which owned, operated, managed directed and controlled the Town of Hamden Fire Department which employed the named Defendant Officers and/or Fire Chief David Berardesca, the Defendant Battalion Chief Samuel DeBurra and Defendant Lieutenant Kevin St. John.

7.     The Plaintiff Raymond Pouncey, Sr. was hired by the Defendant Town of Hamden on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

8.     The Plaintiff Raymond Pouncey, Sr. is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.     On or about February 28, 2013 the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with

the CHRO (Connecticut Human Rights and Opportunities) against the Town of Hamden and David Berardesca and on April 10, 2014, filed a complaint in the Federal Court.

10.     On October 13, 2013, the Plaintiff Raymond Pouncey, Sr. was assigned and/or hired on overtime as a driver for Engine 9 at Station 9 by Battalion Chief Donald LaBanca.

11.     Since the Plaintiff's refusal to march in the Memorial Day Parade on May 29, 2000, for religious reasons the Plaintiff have suffered a continuous pattern of harassment by his co-workers, and supervisors.

12.     The Plaintiff have repeatedly complained against the use of foul language and profanity based on his religious belief in the work place by his co-workers / firefighters to the Fire Chief David Berardesca and nothing was done about it.

13.     When the Plaintiff Raymond Pouncey, Sr. arrived at the aforementioned assignment and/or station the Defendant Lieutenant (Lt) Kevin St. John discriminated against him on the bases of religious belief and assigned him to the back of Engine 9 instead of being the driver. The Plaintiff them reported this to Captain Gary Couture, Battalion Chief Fitzmaurice, Battalion Chief LaBanca.

14.     Despite the Plaintiff Raymond Pouncey, Sr.'s seniority, experience, and being station in the district the Defendant Lt. Kevin St. John always put the Plaintiff on the back of the Apparatus.

41

15. On March 14, 2014, as or part of a continued pattern of harassment against the Plaintiff because of his religious beliefs and practices, the Defendant Lt. Kevin St. John impeded and/or prevented the Plaintiff from performing his duties as an EMT/SCRIBE and assigned to the Paramedic Greg Periera.

16. On the aforementioned date the Defendant Lt. Kevin St. John refused to give the Plaintiff necessary patient information requested (i.e. patient's list of medications) by the Paramedic Greg Periera for patient evaluation on a priority 1 Medical Emergency.

17. While the Plaintiff's aforementioned request was professional, pleasant and harmonious with past practice and Hamden Fire Department Policy the Defendant Lt. Kevin St. John continued the said discrimination and harassment by responding in a demeaning, abrasive, condescending and completely unprofessional way.

18. On March 17, 2014 and March 19, 2014 the Plaintiff complained about the above mentioned discriminatory act to the Defendant Fire Chief David Berardesca who failed to do anything about it.

19. The Defendants continued to levy false accusation against the Plaintiff because of his religious beliefs and practices.

20. On March 14, 2014, the Defendant Lt. Kevin St. John falsely accused the Plaintiff of "slamming a door in his face" while on an emergency medical call at 38 Eaton Woods Condominiums, located in Hamden, Connecticut.

21.    On March 14, 2014, as a further retaliation harassment and pattern of discrimination and under the pretext or disguise of doing an investigation the Defendant Battalion Chief DeBurra pulled the Plaintiff out of training class that the Plaintiff was taking the lead in, to interview him, after already having knowledge of the fact that the Plaintiff did not slammed the door on the Defendant Lt. Kevin St. John, as he falsely claimed, and as conveyed to him by an eyewitness Firefighter/Paramedic G. Periera, that no door was slammed.

22.    The Defendant Battalion Chief Samuel DeBurra informed and/or stated to the Plaintiff that as far as he was concerned "it is over" don't worry about it", when the Plaintiff asked the Defendant Battalion Chief Samuel DeBurra what the Defendant Lt. Kevin St. John wrote up, he stated he was not sure if he wrote anything up.

23.    On April 5, 2014, Firefighter Ronald Mikolinski called the Plaintiff at Station 9 at approximately 8:15 a.m.-8:45 a.m., and stated to him that the Defendant Battalion Chief Sam DeBurra showed a copy of the Defendant Lt. Kevin St. John's report and stated him to write an incident report.

24. The Firefighter Ronald Mikolinski stated and informed the Plaintiff that the Defendant Lt. Kevin St. John's report was full of lies because he was there and at no time was any door slammed, as a result Ronald Mikolinski did not write the incident report as the Defendants wanted.

43

25.   The   aforementioned   Defendant's   actions,   hostile   work environment and harassment are as a result to the Plaintiff's religious beliefs and practice.

26.  The  Plaintiff  since  October  13,  2013,  has  been  subject  to discrimination false charges/ accusations a hostile w work environment and harassment  as  aforementioned,  through  the  Defendant's  agents  through numerous incidences of verbal remarks and retaliatory employment actions, and   even   encouraged   other   workers   to   negatively   alter   the   working conditions of the Plaintiff.

27.   At all times the Defendant owed a duty to the Plaintiff not to harass,  discriminate  or  create  a  hostile  working  environment  pursuant  to Title VII of the Civil Rights Act of 1964, as Amended 42 U.S.C. § 2000 (e) at seq.

28.   The  aforementioned,  continuation  of  harassment  and  hostile work  environment  that  the  Plaintiff  had  experienced  and  continued  to  be subjected to, are due to his religious belief, his  opposition to discrimination and harassing conduct.

29.   From October 13, 2013, to the present the Defendant through its  agents  and  employees  harassed  and  discriminated  against  the  Plaintiff, as aforementioned, and created a hostile working environment by means of verbal  remarks  and  retaliatory  employment  actions  as  aforementioned  and similarly situated employees of other religions have not been subject to such treatment.

44

30.    As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

        a) Headaches;

        b) High blood pressure;

        c) Insomnia (lack of sleep);

        d) Eating disorder;

        e) Anxiety reaction;

        f) Emotional Distress,

        g) Psychological injury;

        h) Retaliation;

        i) Humiliation;

        j) Anguish;

        k) Embarrassment;

        l) Mortification; and

        m) Outrage.

31.    As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**FOURTEENTH COUNT:** **(DISCRIMINATION AND RETALIATION ON THE BASIS OF FILING A COMPLAINT- AS TO THE DEFENDANT LIEUTENANT KEVIN ST. JOHN)**

1.      At all times relevant to this action, the Plaintiff was a resident of the Town of Killingworth in the State of Connecticut.

2.      The Defendant Town of Hamden is a municipal corporation with the State of Connecticut and at all times relevant hereto, employed the Defendant Fire Chief David Berardesca, Sam DeBurra and Kevin St. John.

3.      At all times relevant hereto Defendant Fire Chief David Berardesca, was the Fire Chief for the Defendant Town of Hamden, Sam DeBurra was Battalion Chief and Kevin St. John was Lieutenant for the Town of Hamden and at all times mentioned was acting in such capacity as the agents, servants, and employees of the Defendant Town of Hamden Fire Department.

4.      At all times relevant hereto and in all the actions described herein, Defendant Fire Chief David Berardesca was the Fire Chief and acting as agent and/or pursuant to the authority as Fire Chief and Fire Official of the Town of Hamden. Also the Defendants, Samuel DeBurra was Battalion Chief and Kevin St. John was Lieutenant and they were acting as agent and/or pursuant to the authority as Fire Officials of the Town of Hamden.

5.      On April 8, 2014, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or religious belief with the CHRO

46

(Connecticut Human Rights and Opportunities). A true and correct copy of the charge is attached to this complaint as Exhibit #1and is incorporated by reference. The Plaintiff received a Notice of Release of Jurisdiction from CHRO dated October 30, 2014. A true and correct copy of the notice is attached to this complaint as Exhibit # 2 and is incorporated by reference.

6.      At all times relevant to this action and mentioned in this complaint, the Defendant Town of Hamden was and still is a municipality of the State of Connecticut, which owned, operated, managed directed and controlled the Town of Hamden Fire Department which employed the named Defendant Officer and/or Fire Chief, David Berardesca, the Defendant Sam DeBurra and Defendant Kevin St. John.

7.      The Plaintiff Raymond Pouncey, Sr. was hired by the Defendant Town of Hamden on September 2, 1997, as a Firefighter EMT (Emergency Medical Technician).

8.      The Plaintiff Raymond Pouncey, Sr. is a practicing Jehovah's Witness, having been baptized into the Religion of Jehovah Witnesses in 1995.

9.      On February 28, 2013, the Plaintiff filed a charge of discrimination based upon Freedom of Religion and/or Religious belief with CHRO (Connecticut Human Rights and Opportunities) against the Town of Hamden and David Berardesca and on April 10, 2014, filed a complaint in the Federal Court against the said Defendants.

47

10.     Since the Plaintiff's refusal to march in the Memorial Day Parade for religious reasons the Plaintiff have suffered a continuous pattern of harassment by his co-workers and Fire Chief David Berardesca; for example the Plaintiff have been wrongfully transferred, had his car vandalized, been called into the Fire Chief's office several times and had false accusation made against him, was forced to work with co-workers or employees who constantly accused him, and has been subjected to constant use of profanity by co-workers thereby creating a hostile work environment for the Plaintiff.

11.     On one occasion the Plaintiff was told by Battalion Chief Samuel DeBurra that the Plaintiff is "a marked man because of his religion".

12.     The Plaintiff since May 29, 2000, has been subjected to discrimination, a hostile work environment and harassment through the Defendant's agents through numerous incidences of verbal remarks and retaliatory employment actions, and even encouraged other workers to negatively alter the working conditions of the Plaintiff.

13.     At all times the Defendant owed a duty to the Plaintiff not to harass, discriminate or create a hostile working environment pursuant to Title VII of the Civil Rights Act of 1964, as Amended 42 U.S. C. §2000 (e) et seq.

14.     At all times, the Defendant owed a duty to the Plaintiff not to discharge or discriminate against the Plaintiff for filing a complaint with the Commission (CHRO) pursuant to C. G. S § 46a-60(a)(4).

15.    From October 13, 2013, to the present the Defendant Lieutenant Kevin St. John harassed and discriminated against the Plaintiff, and created a hostile working environment by means of verbal remarks and retaliatory employment actions as aforementioned and similarly situated employees of other religions have not been subjected to such treatment.

16.    The Defendant retaliated and discriminated against the Plaintiff for filing the charge of discrimination with the CHRO (Connecticut Human Rights and Opportunities) and EEOC (Equal Employment Opportunity Commission) in violation of C. G. S §46a-60(a)(4).

17.    As a direct and proximate result of the aforementioned actions taken by the Defendant the Plaintiff has suffered substantial injury including injury to his physical and mental health:

a) Headaches;

b) High blood pressure;

c) Insomnia (lack of sleep);

d) Eating disorder;

e) Anxiety reaction;

f) Emotional Distress,

g) Psychological injury;

h) Retaliation;

i) Humiliation;

j) Anguish;

k) Embarrassment;

49

l) Mortification; and

m) Outrage.

19.    As a result the aforementioned actions of the Defendant the Plaintiff has suffered economic damages namely lost of overtime pay, and permanent impairment to his income potential and lost wages.

**FIFTEENTH COUNT**          **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- AS TO THE DEFENDANT LIEUTENANT KEVIN ST. JOHN)**

1-31    Paragraphs 1-31 of the Thirteenth Count are hereby incorporated and made paragraphs 1-31 of the Fifteenth Count.

32.    In the manner described above, the Defendant, Lieutenant Kevin St. John further committed intentional infliction of emotional distress, in that the Defendant, Lieutenant Kevin St. John, intentionally and/or recklessly caused the Plaintiff, Raymond Pouncey, Sr. severe emotional distress by their intentional extreme and outrageous conduct, as described above. The acts and commissions of the Defendant, as outlined above were the proximate cause of the injury to the Plaintiff.

**SIXTEENTH COUNT**          **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – AS TO THE DEFENDANT LIEUTIENANT KEVIN ST. JOHN)**

1-31    Paragraphs 1-31 of the Thirteenth Count are hereby incorporated and made paragraphs 1-31 of the Sixteenth Count.

32.    In the manner described above, the Defendant, Lieutenant Kevin St. John, further committed negligence infliction of emotional distress, in that the Defendant, Lieutenant Kevin St. John, negligently caused the

Plaintiff, Raymond Pouncey, Sr. to suffer severe emotional distress by their negligent and outrageous conduct, as described above, which he knew or would have known will cause such emotional distress on the Plaintiff, Raymond Pouncey, Sr.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants as follows:

    a) Damages;

    b) Punitive damages;

    c) Compensatory and emotional distress damages;

    d) Attorney fees and reimbursement of costs of this action;

    e) Prejudgment interest on all amounts claimed; and

    f) Such other and further relief as the court deems just, reasonable and equitable.


                THE PLAINTIFF,
                RAYMOND POUNCEY, SR.

BY:      /S/ Ikechukwu Umeugo
                IKECHUKWU UMEUGO
                HIS ATTORNEY
                UMEUGO & ASSOCIATES, P.C.
                620 BOSTON POST ROAD
                P.O. BOX 23673
                WEST HAVEN, CT 06516
                (203) 931-2680/ FAX (203) 931-2682
                FED BAR CT 04536

51

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

..................................................................

RAYMOND POUNCEY, SR.                :
                                                      :        CIVIL ACTION NO.
          v.                      Plaintiff           :
                                                      :
TOWN OF HAMDEN, and                :
FIRE CHIEF DAVID BERARDESCA        :
SAMUEL DEBURRA AND                 :
KEVIN ST. JOHN                     :
                               Defendants            :        JANUARY 28, 2015

..................................................................

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than Two Hundred and Fifty

Thousand dollars ($250,000.00), exclusive of interest and cost.


                              THE PLAINTIFF,
                              RAYMOND POUNCEY, SR.

                    BY:     /S/ Ikechukwu Umeugo
                              IKECHUKWU UMEUGO
                              HIS ATTORNEY
                              UMEUGO & ASSOCIATES, P.C.
                              620 BOSTON POST ROAD
                              P.O. BOX 23673
                              WEST HAVEN, CT 06516
                              (203) 931-2680/ FAX (203) 931-2682
                              FED BAR CT 04536

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury on all claims.


               THE PLAINTIFF,
               RAYMOND POUNCEY, SR.

BY:    /S/ Ikechukwu Umeugo
         IKECHUKWU UMEUGO
         HIS ATTORNEY
         UMEUGO & ASSOCIATES, P.C.
         620 BOSTON POST ROAD
         P.O. BOX 23673
         WEST HAVEN, CT 06516
         (203) 931-2680/ FAX (203) 931-2682
         FED BAR CT 04536